United States District Court
Northern District of California

RUTH RUIZ, et al.,

    Plaintiffs,

  v.

OSCAR G. GARCIA, et al.,

    Defendants.

Case No.: CV 13-02611-KAW

ORDER RE DEFENDANTS' ANSWERS; ORDER STRIKING DEFENDANT LAW OFFICES OF GARCIA, RAMIREZ, AND PINA, P.C.'S ANSWER SUA SPONTE

On June 7, 2013, Plaintiffs Ruth Ruiz and Dalia Herrera Irias filed this action for the return of the $7,500 bond posted in relation to certain immigration proceedings held in the U.S. Immigration Court in San Francisco, CA. (Dkt. No. 1.) Plaintiffs named the Law Offices of Garcia, Ramirez, and Pina, P.C. ("Law Offices"), an immigration law practice in Texas, and its attorneys and/or employees Oscar G. Garcia, Stephen R. Ramirez, Juan F. Villa, and Hugo Pina, as well as the United States Government. *Id.*

On July 2, 2013, Defendants Garcia, Ramirez, and Pina each individually, and appearing pro se, filed virtually identical documents entitled "Defendants [sic] Original Answer and Defendants [sic] Special Appearance Challenging Personal Jurisdiction." (Dkt. No. 6-8.) In addition, Mr. Garcia also filed a virtually identical document on behalf of the Law Offices, despite not being authorized to practice law in the U.S. District Court for the Northern District of California.

The individual defendants named may represent themselves pro se, but the Law Offices, as a corporation, must appear through an attorney licensed to practice in the jurisdiction. *See, e.g., D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004). In addition, since the Law Offices must be represented by counsel, it is subject to the electronic case filing requirement in Civil L.R. 5-1. Should the Law Offices wish to be represented by Mr. Garcia, he

must apply to appear pro hac vice pursuant to Civil L.R. 11-3, and retain designated co-counsel as required by Civil L.R. 11-3(a)(3). Otherwise, the Law Offices must retain counsel that is a member of the bar of this Court in good standing. Since the Law Offices cannot represent itself, and Mr. Garcia is not licensed to practice in the Northern District of California, its answer (Dkt. No. 5) must be stricken, and the Court does so on its own motion. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010).

Defendants Garcia, Ruiz, and Pina are deemed to have answered the complaint by general denial, although they have preserved their objections to personal jurisdiction and insufficient service of process. The answers themselves, however, do not comport with Rule 8(b) of the Federal Rules of Civil Procedure. In addition, the apparent motions to dismiss are DENIED, as they do not comport in form with Civil L.R. 7-2 nor contain a memorandum of points and authorities as required by Civil L.R. 7-4.

For the reasons set forth above, Mssrs. Garcia, Ruiz, and Pina's apparent motions to dismiss are DENIED, and the Law Offices' Answer is stricken. Mssrs. Garcia, Ruiz, and Pina shall have fourteen (14) days to file amended answers that comport with the Federal Rules of Civil Procedure. Failure to do so may result in a waiver of any affirmative defenses pursuant to Rule 8(c). Further, should Mssrs. Garcia, Ruiz, and Pina wish to properly contest this Court's jurisdiction, they may file motions for judgment on the pleadings pursuant to Rule 12(c). Any such filings must comply with both the Federal Rules of Civil Procedure and this district's Civil Local Rules (available at: *http://cand.uscourts.gov/localrules*).

The Law Offices shall also have fourteen (14) days from the date of this order to serve a motion or responsive pleading from an attorney licensed to practice law in the U.S. District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: July 11, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge